UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAWN SHARROCK,<br><br>      Plaintiff,<br><br>v.<br><br>FRANCO GRAZIADIO, et al.,<br><br>      Defendants. | Civ. No. 15-cv-1877 (KM)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

  The plaintiff, Shawn Sharrock, has brought this action against a number of police officers, based on a number of separate incidents. Now before the Court are two motions (ECF nos. 8, 9) to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim. No opposition to the motions has been filed. For the reasons stated herein, the motions will be granted.

**I. Legal Standard**

  The motions to dismiss are unopposed. Even if granted, however, these initial motions, directed to the original complaint, would result at most in a dismissal without prejudice. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). I therefore do not invoke the *Poulis* factors that would apply, for example, to a dismissal with prejudice for failure to comply with court orders or rules. *See Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir.1984). Nevertheless, it is quite clear that the Court may not simply grant the motions as unopposed, but must consider whether the complaint sets forth a cause of action for purposes of Fed. R. Civ. P. 12(b)(6). *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

  Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant,

1

as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (traditional "reasonable inferences" principle not undermined by *Twombly, see infra*).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Where, as here, the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

## II.  Analysis

The allegations of the Complaint ("Cplt.", ECF no. 1) have not been tested by any fact finder. They are assumed to be true solely for purposes of these motions to dismiss. The complaint does not state what legal claim is being asserted, or establish a basis for federal jurisdiction. The cover sheet designates the case as "Other Civil Rights." It cites 42 U.S.C. § 14141, an inapplicable statute, but I will assume that Plaintiff intends to assert a claim of deprivation of constitutional rights under 42 U.S.C. § 1983.

### A.  Complaint page 1 ("Clifton Officer pull over")

Page 1 of the complaint (there are no numbered paragraphs) is directed against an unnamed officer, who apparently is Franco Graziado. On March 24, 2013, Plaintiff was driving, when a police car came up behind him and turned on its flashers. The police car came up beside plaintiff's car, the officer yelled at him for not getting out of the way, and the police car then passed him. Plaintiff apparently snapped a photo and began to chase the police car. The police officer then pulled plaintiff over, yelled at plaintiff for tailgating the police car, and told plaintiff he was lucky the officer didn't have his gun drawn. "Threaten me with feeling tickets including air freshener." The officer let plaintiff off with a warning but declined to shake his hand. Three weeks later, plaintiff came in to fill out a complaint and was "harassed."

Accepting these allegations as true, I can still discern no constitutional claim against the unnamed officer. Flashing lights to signal that an automobile should get out of the way violates no constitutional right. Yelling at the Plaintiff or declining to shake his hand, however impolite, violates no constitutional right. Indeed, there is not even a minimal basis for a Fourth Amendment claim, absent an actual seizure. *Graham v. Connor,* 490 U.S. 386, 109 S. Ct. 1865 (1989) (no seizure where police were chasing, but had not caught or stopped, the defendant). In the end, plaintiff alleges, he was briefly stopped. But again, confronting the plaintiff and issuing a warning for tailgating (let alone

3

interfering with the police) violates no constitutional right. N.J. Stat. Ann. § 39:4-89 ("follow[ing] another vehicle more closely than is reasonable and prudent"). *See United States v. Delfin-Colina,* 464 F.3d 392, 396–98 (3d Cir. 2006) (brief investigative traffic stop requires only reasonable suspicion that a traffic violation has occurred).

### B.    Complaint p. 2 ("Elmwood Park officers")

At an unspecified time, Plaintiff was at his son's wrestling match. His son, undefeated until then, was disqualified. Plaintiff had in the past "had it out" with the coaches, who also are EMTs, firefighters, and police. On this occasion, Plaintiff "became upset at the ref and coaches" and was "told to leave." At some point, officers surrounded Plaintiff and his family. Plaintiff got in his car and, as he drove past the officers, took a video of them with his cell phone. "Officer 86" got angry and pulled Plaintiff over for using a cell phone while driving. The officer approaching on the other side had his hand on his gun. When Plaintiff objected, the officer replied that he did not know who was in the car. Plaintiff was issued three tickets. Plaintiff identifies the officers as Sgt. Pasquale and Sgt. Kassi.

Again, taking the allegations at face value, I can discern no claim. Plaintiff admits to becoming upset at a sporting event, to the point that he was asked to leave. The police approached, but did not detain him. Plaintiff admits to recording with his cell phone at the same time he was driving, and being issued a ticket for it. There being a valid objective basis for the ticket, it is immaterial whether the officer was subjectively angry at Plaintiff for some other reason. *See Delfin-Colina,* 464 F.3d at 396–98 (traffic stop requires only reasonable suspicion that a traffic violation has occurred, based on objective facts, even if officers had some other subjective motivation); *see also Whren v. United States,* 517 U.S. 806, 810, 116 S.Ct. 1769 (1996) (claim of "pretext" irrelevant where objective facts justified stop).

4

### C.   Complaint pp. 3-4 ("Lodi officers")

These pages of the complaint relate a number of events, but I focus on those that seem central to Plaintiff's potential claims.

An officer ticketed Plaintiff for cutting through a private parking lot (apparently a veterinarian's office) to avoid a traffic light. Plaintiff objected that if he had to go to the vet, and the vet were open, it would be a legal turn. When Plaintiff approached the officer's car on foot to continue the argument, the officer sped away, nearly running over his foot. This, too, falls under the rubric of a legitimate traffic stop. *Delfin-Colina, supra. See* N.J. Stat. Ann. § 39:4-66.2 ("Operation of motor vehicles on public or private property to avoid traffic signals or signs prohibited").

Sometime later, when Plaintiff went to the police station to complain, two officers (Sgt. Perrelli and Sgt. Mobilio) allegedly cursed at him. Lieut. Scorezetti attempted to show Plaintiff his officer handbook, which he said would explain what the traffic violation had been. Some delays in taking Plaintiff's complaint followed. Scorezetti allowed that Mobilio might have been unprofessional in getting so angry, but said Plaintiff had been unclear about what he wanted. Plaintiff alleges that racism was involved, as he is an African American man.

On 3/15, Plaintiff received a call to come to the station and make a statement. Two officers, Scorezetti and Capt. Schrieks, were present. He was invited inside an office while they set up a "recording room" (to take a statement, apparently). He was asked, and then searched, for keys, phones, or recording devices "for officer safety." I take note, again looking only at the allegations of the complaint, that the officers could reasonably have thought (correctly or not) that the Plaintiff was angry and excitable.

The officers' unpleasant tone violates no constitutional right. Without any more facts, I cannot find based on these allegations that the stationhouse security frisk for weapons, keys, or recording devices violated any right. A person voluntarily entering a nonpublic, secure area of a stationhouse, may

5

expect to be frisked for weapons as a condition of entry. Nothing in the complaint establishes that the plaintiff was not free to simply leave in response to the officers' request, or to speak to them in the lobby or on the street.[1]

### D. Qualified Immunity

As stated, I find no adequate allegation of a constitutional violation. *A fortiori,* the officers' acts are shielded by qualified immunity.

"[Q]ualified immunity shields government officials from civil liability as long 'as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *McGreevy v. Stroup,* 413 F.3d 359, 364 (3d Cir. 2005) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). In analyzing whether qualified immunity attaches to a government official, a court must "first determine whether the facts, and inferences drawn therefrom, taken in the light most favorable to the plaintiff, establish that the official's conduct violated a constitutional right." *McGreevy,* 413 F.3d at 364 (citing *Saucier v. Katz,* 533 U.S. 194, 201 (2001)). If that first step is satisfied, the court must then "determine whether, as a legal matter, the right that the defendant's conduct allegedly violates was a clearly established one, about which a reasonable person would have known." *Gruenke v. Seip,* 225 F.3d 290, 298 (3d Cir. 2000).

A right is "clearly established" when the "contours of the right" are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Saucier,* 533 U.S. at 202. A clearly established right is not limited to one that "has previously been held unlawful." *Hope v. Pelzer,* 536 U.S. 730, 739 (2002). Instead, "it merely means that in light of preexisting law, the unlawfulness of the official's conduct was reasonably and objectively

---

[1] At any rate, where the police are not searching for evidence, the "special needs" exception permits such a frisk for legitimate security purposes. *See New Jersey v. T.L.O.,* 469 U.S. 325 (1985) (school may search students' effects for evidence of infractions); *O'Connor v. Ortega,* 480 U.S. 709, 725 (1987) (workplace searches); *MacWade v. Kelly,* 460 F.3d 260, 263 (2d Cir. 2006) (upholding bag search as condition of entering subway).

6

apparent." *McGreevy*, 413 F.3d at 366 (citing *Wilson v. Layne*, 526 U.S. 603, 615 (1999)). The knowledge of a reasonable person "is measured by an objective standard; arguments that the defendants desired to handle or subjectively believed that they had handled the incidents properly are irrelevant." *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 726 (3d Cir. 1989) (citing *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)). Thus, the party asserting that qualified immunity applies is "entitled to [it] if reasonable officials in the defendants' position at the relevant time could have believed, in light of clearly established law, that their conduct comported with established legal standards." *Stoneking*, 882 F.2d 726.

Although qualified immunity often requires development of a factual record, here it does not. As noted above, the first prerequisite—a violation of a constitutional right—is lacking. Setting that aside, the second prerequisite—that such a violation be clear and well established—is likewise lacking. The facts, even as alleged in the complaint,[2] establish that an officer could reasonably have concluded that the traffic stop, issuance of tickets, and protective frisk for weapons at the police station were justified and did not violate any clearly established constitutional right.

### IV.   CONCLUSION

For the foregoing reasons, the motions to dismiss filed by defendants are **GRANTED**. Because this is an initial dismissal the court will, as is its practice, dismiss the complaint **WITHOUT PREJUDICE** to the filing, within 30 days, of an amended complaint. If no such amended complaint is filed within that time, this order shall become final. An appropriate Order will issue.

Dated: April 11, 2016

**KEVIN MCNULTY**
**United States District Judge**

---

[2] The officers have much more to say about the facts, but I set that aside for purposes of this motion.